IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| JOSE LUIS SALAZAR PARRALES,<br><br>    Petitioner,<br><br>vs.<br><br>DAVID EASTERWOOD, Field Office Director of Enforcement and Removal Operations, St. Paul Field Office, Immigration and Customs Enforcement; KRISTI NOEM, in Her Official Capacity as Secretary of the U.S. Department of Homeland Security; TODD LYONS, in His Official Capacity as Acting Director of U.S. Immigration and Customs Enforcement; PAM BONDI, in Her Official Capacity as Attorney General of the United States,<br><br>    Respondents. | 0:26-cv-00617-SHL-DLM<br><br>ORDER DENYING AS MOOT PETITION FOR WRIT OF HABEAS CORPUS AND MOTION FOR TEMPORARY RESTRAINING ORDER |

**I.      INTRODUCTION.**

Petitioner Jose Luis Salazar Parrales seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement ("ICE") officials. (ECF 1.) He also seeks a Temporary Restraining Order and Preliminary Injunction. (ECF 2.) For reasons set forth below, the Court DENIES AS MOOT his petition for writ of habeas corpus and request for injunctive relief. (ECF 1; ECF 2.)

**II.     FINDINGS OF FACT.**

Petitioner is a citizen of Ecuador who entered the United States on or about May 12, 2015, as a U-3 Non-Immigrant Child of a U-1 recipient. (ECF 1, ¶¶ 2, 18.) He was authorized to remain in the United States until February 14, 2018. (ECF 9, ¶ 5.) On October 16, 2019, USCIS issued an overstay warning. (ECF 9-1, p. 3.) On September 23, 2020, Petitioner was issued a Notice to Appear alleging that he was subject to removal as an alien present in violation of the law under § 237(a)(1)(B) of the Immigration and Nationality Act ("INA"). (ECF 1, ¶ 48; ECF 1-3, p. 1.) On March 30, 2021, Petitioner filed an application for Adjustment of Status form I-485 while in removal proceedings. (Id., ¶ 51.) On June 10, 2021, an Immigration Judge dismissed his removal proceedings; DHS did not oppose. (Id., ¶ 49.) Nonetheless, his I-485 remained pending. (Id., ¶ 51.)

1

On July 24, 2020, Petitioner's United States Citizen spouse filed a Petition for Alien Relative, Form I-130. (Id., ¶ 50.) The I-130 was approved on November 5, 2020. (Id.) Under these facts, the Government alleges that he has does not have legal status. (ECF 9, ¶ 4.) Salazar Parrales is married to a U.S. Citizen and has five U.S. Citizen children, all under age eight. (ECF 1, ¶ 55.) Petitioner has valid work authorization and is gainfully employed. (Id., ¶¶ 52, 56.)

On January 22 or 23, 2026, Petitioner was arrested and taken into ICE custody pursuant to a warrant issued January 22. (ECF 1, ¶ 3; ECF 9, ¶ 10; ECF 9-2, p. 5.) On January 24, 2026, ICE issued a Notice to Appear charging removability under Section 237(a)(1)(B) of the INA. (ECF 9-2, p. 1.) Petitioner is scheduled for a hearing with an Immigration Judge on February 12, 2026. (ECF 9, p. 3.)

## III. LEGAL STANDARDS.

### A. Habeas Corpus Standards.

Petitioner is entitled to writ of habeas corpus if, as relevant here, "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The right of habeas corpus "extends to those persons challenging the lawfulness of immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citing *Demore v. Kim*, 538 U.S. 510, 517 (2003) and *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001)). Petitioner bears the burden of proving by a preponderance of the evidence that his detention is unlawful. *See Aditya W. H. v. Trump*, 782 F. Supp. 3d 691, 703 (D. Minn. 2025).

### B. Preliminary Injunction Standard.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Tumey v. Mycroft AI, Inc.*, 27 F.4th 657, 664 (8th Cir. 2022) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)). "[T]he burden of establishing the propriety of an injunction is on the movant." *Turtle Island Foods, SPC v. Thompson*, 992 F.3d 694, 699 (8th Cir. 2021) (quoting *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003)). The Court must consider four factors: "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that [the] movant will succeed on the merits; and (4) the public interest." *Sleep No. Corp. v. Young*, 33 F.4th 1012, 1016 (8th Cir. 2022) (alteration in original) (quoting *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc)). "While 'no single factor is determinative,'

the probability of success factor is the most significant." *Carson v. Simon*, 978 F.3d 1051, 1059 (8th Cir. 2020) (quoting *Home Instead, Inc. v. Florance*, 721 F.3d 494, 497 (8th Cir. 2013)).

As to the remaining three factors, a plaintiff "is not required to prove with certainty the threat of irreparable harm, but it must prove that 'irreparable injury is likely in the absence of an injunction.'" *Sleep No. Corp.*, 33 F.4th at 1018 (quoting *Winter*, 555 U.S. at 22). "Irreparable harm occurs when a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages." *Gen. Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 319 (8th Cir. 2009). "In balancing the equities, [the Court] weigh[s] 'the threat of irreparable harm' shown by the movant against 'the injury that granting the injunction will inflict on other parties litigant.'" *MPAY Inc. v. Erie Custom Comput. Applications, Inc*., 970 F.3d 1010, 1020 (8th Cir. 2020) (quoting *Dataphase Sys*., 640 F.2d at 113.) This "requires a court to distinguish between 'weak or illusory injuries' and 'very real threats' of injuries." *Rodriguez v. Molina*, 608 F. Supp. 3d 791, 798 (S.D. Iowa 2022) (cleaned up) (quoting *Sak v. City of Aurelia*, 832 F. Supp. 2d 1026, 1046 (N.D. Iowa 2011)). It considers harm to both the litigants and other interested parties, like the public. *Wachovia Sec., L.L.C. v. Stanton*, 571 F. Supp. 2d 1014, 1047 (N.D. Iowa 2008). The last factor, the public interest, "invites the court to indulge in broad observations about conduct that is generally recognizable as costly or injurious." *Id*. at 1048.

**IV.  LEGAL ANALYSIS.**

  *A.  Respondents Is Not Entitled to Habeas Relief.*

Petitioner argues, and Respondents agree, that Petitioner is being detained pursuant to 8 U.S.C. § 1226(a). (ECF 1, ¶ 8; ECF 8, p. 3.) In relevant part, § 1226(a) states:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. . . . [P]ending such decision, the Attorney General
>
>   (1) may continue to detain the arrested alien; and
>
>   (2) may release the alien on
>
>     (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>
>     (B) conditional parole . . . .

Because Respondents agree that Petitioner is entitled to a bond hearing, the Petition for Writ of Habeas Corpus is moot. Petitioner is already receiving the relief he seeks.

3

Petitioner argues that the Court should grant habeas relief anyway because there is "no[] guarantee that an Immigration Judge will recognize jurisdiction." (ECF 10, p. 2.) Respondents have, however, squarely represented to this Court that Petitioner will receive an individualized bond hearing pursuant to § 1226(a). If Respondents turn around and argue otherwise to an Immigration Judge, it will mean their representation to this Court was false, which could result in sanctions or other appropriate remedies. In that scenario, Petitioner may return to this Court with a renewed request for habeas relief. For now, however, there is no relief to grant. In other words, Petitioner has not shown that his detention is not "in violation of the Constitution or laws or treaties of the United States" and he is not entitled to Habeas relief. 28 U.S.C. § 2241(c)(3).

In his Reply (ECF 10), Petitioner argues in the alternative that the warrant for his arrest was not issued until January 25, 2026. It is difficult to understand the factual basis for this argument given that Respondents have submitted documents indicating an arrest on January 22, 2026, pursuant to a warrant of the same date. (ECF 9-2, p. 5.) In any event, federal regulations give immigration officials forty-eight hours from the time of arrest to decide whether to issue an arrest warrant and notice to appear. *See* 8 C.F.R. § 287.3(d). Thus, even if Petitioner is understood as trying to create a factual dispute regarding the date(s) he was arrested and the warrant was issued, the dispute would be immaterial. ICE detained him in manner consistent with § 1226(a) and corresponding regulations.

> B. *The Petitioner Is Not Entitled to a Preliminary Injunction.*

Because Petitioner is not entitled to habeas relief, his request for a preliminary injunction is moot. The Court need not consider irreparable harm, balance of harms, or the public interest. Even if the Court considered those factors, however, the result would not change. Petitioner already has a hearing scheduled before an Immigration Judge in which Respondents have promised he will receive an individualized bond hearing. He will suffer no harm—much less *irreparable* harm—if the Court declines to award redundant relief. The remaining factors, balance of harms and public interest, "merge when the Government is the party opposing the preliminary injunction." *Morehouse Enters., LLC v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 78 F.4th 1011, 1018 (8th Cir. 2023). Here again, the fact that Petitioner is already going to receive the individualized hearing he wants makes these factors irrelevant.

4

## V.  CONCLUSION.

The Court DENIES Salazar Parrales's Petition for Writ of Habeas Corpus and Motion for a Preliminary Injunction. (ECF 1; ECF 2.)  As explained above, the Court reaches this conclusion in reliance on Respondents' representations that they are treating Petitioner as being governed by 8 U.S.C. § 1226(a) and intend to give him an individualized bond hearing. If these representations turn out to be untrue, the Court will reconsider its habeas ruling and award other appropriate relief. The Clerk of Court is directed to enter judgment accordingly and close the case.

**IT IS SO ORDERED.**

Dated: February 3, 2026.

_____
STEPHEN H. LOCHER
U.S. DISTRICT JUDGE